**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MERRILL PRIMACK,<br>MATT CLARK,<br>on behalf of plaintiffs and the class defined below, | ) |
| Plaintiff, | ) |
| vs. | ) |
| STATE FARM AUTOMOBILE INSURANCE COMPANY; FREDDIE VILLACCI, JR.;<br>FREDDIE VILLACCI, JR<br>INSURANCE AGENCY, INC.;<br>and DOES 1-10, | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Merrill Primack and Matt Clark bring this action to secure redress from unlawful telemarketing practices engaged in by defendants State Farm Automobile Insurance Company; Freddie Villacci, Jr.; Freddie Villacci, Jr Insurance Agency, Inc.; and Does 1-10. Plaintiffs allege violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

a. Defendants' communications were received by plaintiffs within this District;

b. Defendants do business within this District.

**PARTIES**

5. Plaintiff Merrill Primack is an individual who resides in the Northern District of Illinois.

6. Plaintiff Matt Clark is an individual who resides in the Northern District of Illinois.

7. Defendant State Farm Automobile Insurance Company is an Illinois corporation with its principal place of business at One State Farm Plaza, Bloomington, IL 61710. It is one of the largest issuers of auto insurance in the United States.

8. Defendant Freddie Villacci, Jr Insurance Agency, Inc., is an Illinois corporation with offices at 2241 W. Irving Park Road, Suite 1E, Chicago, IL 60618.

9. Defendant Freddie Villacci, Jr., is the sole officer of Freddie Villacci, Jr Insurance Agency, Inc., and has complete authority and direction over its marketing practices. He may be found at 2241 W. Irving Park Road, Suite 1E, Chicago, IL 60618-3840.

10. Defendants Does 1-10 are other persons or entities involved in the telemarketing calls described below.

**FACTS**

11. On or about September 13, 2013, plaintiff Merrill Primack received a recorded call on his cell phone from 312-854-0140, seeking to sell car insurance.

12. Mr. Primack returned the call and was placed in contact with Freddie Villacci, Jr Insurance Agency, Inc., which tried to sell Mr. Primack State Farm automobile insurance.

13. Mr. Primack was told that the calls were placed by a telemarketer in California, described as the "Auto Insurance Placement Center," that had been hired by the Freddie Villacci, Jr Insurance Agency, Inc.

14. Plaintiffs have not been able to identify the "Auto Insurance Placement Center" and therefore name as defendants Does 1-10.

15. On information and belief, Freddie Villacci, as the sole officer and owner of the Freddie Villacci, Jr Insurance Agency, Inc., authorized, caused and directed his company to hire the telemarketer.

16. The duties of Freddie Villacci, Jr Insurance Agency, Inc. and Freddie Villacci, as

State Farm agents, including marketing and selling State Farm insurance products.

17. During August 2013, plaintiff Matt Clark received at least one recorded call on his cell phone from 312-854-0140, also seeking to sell car insurance.

18. The cell phone calls were placed using an automated dialing system and recorded or artificial voice.

19. Plaintiffs did not authorize the placement of robocalls to their cell phones.

20. Plaintiffs and each class member are entitled to statutory damages.

21. Defendants violated the TCPA even if their actions were only negligent.

22. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

23. Plaintiffs incorporate paragraphs 1-22.

24. The TCPA, 47 U.S.C. §227, provides:

> **§ 227. Restrictions on use of telephone equipment**
>
> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**
>
> > **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
> >
> > > **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

25. The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

26. Defendants violated the TCPA by placing automated calls to plaintiffs' cell phone.

## CLASS ALLEGATIONS

27. Plaintiffs bring this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls from defendant using an automated dialer or prerecorded voice (d) without express consent.

28. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class. Purchasing or contracting for automated dialing equipment would make no economic sense if less than 40 calls were placed.

29. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendants engaged in a pattern of placing prerecorded calls to cellular telephones;

b. The manner in which defendants obtained the cell phone numbers;

c. Whether defendants thereby violated the TCPA.

30. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving

unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

31. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

32. Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* No. 11-56600, 2012 U.S. App. LEXIS 21136, *7-9 (9th Cir., October 12, 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv*., 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012). Fax cases include: *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.*, 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006);

*ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.*, 306 S.W.3d 577 (Mo. App. 2010).

33. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

a. Statutory damages;

b. An injunction against further violations;

c. Costs of suit;

d. Such other or further relief as the Court deems just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Sharon G. Nissim
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)